ELLET-KENDALL SHOE CO. v. WARD.

(Circuit Court of Appeals, Eighth Circuit. April 24, 1911.)

No. 3,467.

1. SALES (§ 43*)—REMEDIES OF SELLER—FRAUDULENT REPRESENTATIONS— RIGHT OF RESCISSION.

   A sale induced by false and fraudulent representations made by the purchaser may be rescinded, regardless of whether he did or did not intend to pay.

   [Ed. Note.—For other cases, see Sales, Dec. Dig. § 43.*]

2. BANKRUPTCY (§ 303*)—RIGHT OF SELLER TO RECLAIM GOODS—FRAUDULENT REPRESENTATIONS.

   Evidence considered, and held not to entitle a creditor to reclaim goods, after the bankruptcy of the purchaser, on the ground that the sale was induced by a false and fraudulent financial statement by the bankrupt.

   [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 303.*]

Appeal from the District Court of the United States for the Eastern District of Oklahoma.

In the matter of B. E. Lovin, bankrupt. Proceeding by the Ellet-Kendall Shoe Company to reclaim goods. Order denying petition, and claimant appeals. Affirmed.

E. S. Ellis (A. C. Markley and Frank W. Yale, on the brief), for appellant.

Tom D. McKeown, I. M. King, and H. West, for appellee.

Before HOOK, Circuit Judge, and RINER and W. H. MUNGER, District Judges.

HOOK, Circuit Judge. This was a proceeding by the Ellet-Kendall Shoe Company to reclaim from the trustee in bankruptcy some goods sold the bankrupt as on a false and fraudulent financial statement on which it relied. The referee heard the evidence, made findings, and decided against the claimant. The District Court affirmed the findings and order and the cause was brought here on appeal.

[1] The referee fell into an error in holding that, to constitute a fraud authorizing rescission of a sale, the financial statement by the bankrupt must have been with intent not to pay. The rule is broader. True, when a purchaser buys with intent not to pay, the sale may be rescinded; but it may also be rescinded, regardless of his intent about paying, if induced by his false and fraudulent representations. The referee, however, found from the evidence that the statement made by the bankrupt was not false and fraudulent; also that the intent not to pay was lacking. Therefore, if his findings were right, so was his final conclusion. As already observed, the District Court affirmed the findings, and when so supported they should not, under the well-settled practice, be disturbed unless clearly erroneous.

[2] The evidence fairly shows the financial statement was incomplete, rather than false and fraudulent, and that the salesman of the claimant was responsible for its incompleteness; also that the bankrupt was not conscious of the omission. After the salesman had taken an order for goods, he produced a printed form containing about 40 subjects or matters concerning which his principal, the claimant, desired information. Instead of submitting it to the bankrupt to act on in his own way, the salesman read questions and the bankrupt gave answers. There was omitted from the liabilities an indebtedness on outstanding notes aggregating $1,950, given by the bankrupt in purchase of the interest of a former partner in the business. Had this indebtedness been specified, it would have shown the liabilities to have been about 60 per cent. of the nonexempt assets. The statement produced in evidence shows no answers to the questions which would naturally have elicited information of the omissions. The answer spaces were left blank. The salesman testified that he asked the questions shown on the form; but, as he was in a hurry, he did not put down all the answers. On the other hand, the bankrupt testified he truthfully answered every question asked, that he had no reason to conceal anything, and that the notes to his former partner never occurred to his mind. He examined the statement after the salesman had finished, and signed it; but under the circumstances his attention would naturally be confined to those matters marked by the salesman's writing. It may be noted in this connection that the column of liabilities was not totaled. The indebtedness for merchandise was stated in detail and in the aggregate; but notes for the purchase of a partner's interest, doubtless embracing other things besides merchandise, would not ordinarily belong under that head. The subsequent conduct of the bankrupt fully accords with his honesty and good faith. The goods ordered when the financial statement was given were paid for in due course. Those in controversy were ordered six months or more afterwards, and later the bankrupt tried to countermand the order because

of the effect of bad crop conditions upon his business; but the claimant persuaded him to stand to it.

We think this case is wholly devoid of any fraudulent feature, and that the order of the District Court should be affirmed.